IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

J2 ENTERPREISES, LLC, an Oklahoma )
Limited Liability Company; JANET K. )
MOORE, an Individual; and LUTHER J. )
MOORE, an Individual, )
 )
         Plaintiffs, )
 )
vs. )   Case No. CIV-14-781-M
 )
KERRY B. FIELDS, an Individual; and SDI )
OF PARIS, ARKANSAS, LLC, an )
Arkansas Limited Liability Company, )
 )
         Defendants. )

# ORDER

On July 23, 2014, plaintiffs Janet K. Moore and Luther J. "Joe" Moore ("the "Moores") and J2 Enterprises, LLC ("J2") filed this instant action against defendants SDI of Paris, Arkansas, LLC ("SDI") and Kerry B. Fields. In their Complaint, plaintiffs allege that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 – the diversity jurisdiction statute. On September 08, 2014, finding that from review of plaintiffs' Complaint complete diversity appears to be lacking between the parties, the Court directed plaintiffs to file a brief establishing a basis for the Court to exercise subject matter jurisdiction over this case. On September 22, 2014, plaintiffs filed the said brief.

I.    Subject Matter Jurisdiction

"District courts have an independent duty to examine whether they have subject matter jurisdiction over cases, and may do so *sua sponte*." *Harris v. Tulsa 66ers*, 551 F. App'x 451, 451 n.3 (10th Cir. 2014) (citations omitted). "Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). Further, The Supreme Court held in *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998), that the existence of subject matter jurisdiction is a threshold inquiry that must precede

any merit-based determination. This requirement is "inflexible and without exception." *Id.* at 95 (internal quotation omitted). If a district court lacks jurisdiction, it has no authority to rule on the merits of a plaintiff's claims. *Id.* at 101–02. "If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

"[D]istrict courts shall have original jurisdiction where the matter in controversy . . . is between . . . citizens of different states . . . ." 28 U.S.C. § 1332(a). The citizenship of a limited liability company depends upon the citizenship of its members.[1] However, in certain circumstances, such as when a nondiverse party is deemed to be a nominal party, the Court must disregard the citizenship of the nominal party for diversity purposes. *Brazell v. Waite*, 525 F. App'x 879, 881 (10th Cir. 2013) ("citizens upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy. Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.") (citation and internal quotation marks omitted). A plaintiff has the burden of establishing subject matter jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

In the case at bar, plaintiffs concede that defendant SDI is a citizen of both Arkansas and Oklahoma and that plaintiffs are citizens of Oklahoma thereby "technically" destroying complete diversity among the parties. However, plaintiffs assert that the Court should disregard defendant SDI's citizenship because SDI is a nominal party in this case. The Court disagrees.

---

[1] Although the Tenth Circuit has not specifically ruled with respect to the method of determining the citizenship of a limited liability company for purposes of diversity jurisdiction, every other circuit court that has addressed the question has determined that the citizenship of a limited liability company is the citizenship of its members. *See, e.g.*, *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004); *Rolling Greens MHP v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000).

Under the facts of this case where plaintiffs are suing defendants seeking accounting, alleging breach of fiduciary duty, and, most significantly, requesting the appointment of a receivership over defendant SDI, the Court finds that defendant SDI is clearly a real and substantial party to the controversy and is not merely a nominal party. In their Complaint, plaintiffs assert that defendant Fields has caused financial harm to defendant SDI by: "embezzle[ing] funds from SDI in the minimum amount of $110,000.00[,]" "caus[ing] SDI to withhold payments due [to] Sonic pursuant to the license agreement . . . . [in] the delinquent amount . . . exceed[ing] $36,000.00", "fail[ing] to make regular deposit of the Restaurant's receipts for several months", "[necessitating] Mr. Moore [to] loan SDI in excess of $46,718.19 . . . to insure that [SDI] covered payroll and other obligations", leaving defendant SDI in substantial sales tax arrears, and failing to provide defendant SDI's employees food handling training as required and leaving defendant SDI in danger of being terminated as a Sonic licensee. Compl. ¶¶ 13-19. Plaintiffs assert that because defendant Fields is defendant SDI's managing member and "not obviously . . . willing to cause it to initiate suit against him to recover embezzled sums, remit royalty payments to Sonic or adequately train its staff[,] J2 is acting herein in behalf of defendant SDI on a derivative basis due to the resultant situation." Compl. ¶ 20. In short, plaintiffs are essentially bringing derivative claims on behalf of defendant SDI for several alleged acts of mismanagement of defendant SDI and embezzlement from defendant SDI by its managing member defendant Fields. As a remedy, plaintiffs seek a judgment in the minimum sum of $110,000.00 on defendant SDI's behalf against defendant Fields for embezzling money from defendant SDI and mishandling its cash and credit card income; removal of defendant Fields as defendant SDI's manager; an entry of a charging order against defendant Fields' SDI membership unit in the amount of the judgment; a termination of defendant Fields' employment and management positions from defendant SDI; an accounting to defendant SDI of SDI's full

business activities since January 1, 2014; and an appointment of C. David Rhoades as a receiver to secure all of defendant SDI's tangible and intangible assets while simultaneously stabilizing defendant SDI's operation pending disposition of this civil action. Compl. ¶¶ 24, 27, 29.

Under these facts, the Court does not find defendant SDI's involvement in this lawsuit is merely a formality or for ministerial purposes. Accordingly, the Court finds that defendant SDI is clearly a real and substantial party to the controversy, and because defendant SDI and plaintiffs J2 and the Moores are all citizens of Oklahoma, there is no complete diversity present in this case. *See, e.g.*, *Masters v. Harkleroad,* 303 F. App'x 859 (11th Cir. 2008) (rejecting plaintiff's argument that the LLC defendant is a nominal party for diversity purposes and vacating the lower court's order appointing receivership for lack of subject matter jurisdiction); *Cook v. Toidze*, 950 F. Supp. 2d 386, 391 (D. Conn. 2013) ("If the action at hand is a derivative suit, the limited liability company is not a nominal party") (citation omitted). Accordingly, the Court finds that it lacks subject matter jurisdiction in this case.

## II. Relief on Alternative Grounds

In the alternative, plaintiffs seek to amend their claims to allow them to eliminate defendant SDI from the suit. Federal Rule of Civil Procedure 15(a) provides, in pertinent part, that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Whether to grant leave to amend is within the trial court's discretion. *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Under certain circumstances, courts have utilized Rule 21 to preserve diversity jurisdiction by dropping a nondiverse party non-indispensable to the action under Federal Rule of Civil Procedure 19. *See*

*Toidze*, 950 F. Supp. at 392-93 (citing *Manyk v. W. Union Co. Fin. Co.*, 2010 WL 3062891, at *1 (S.D.N.Y Aug. 4, 2010)).

> Determining whether an absent party is indispensable requires a two-part analysis. The court must first determine under Rule 19(a) whether the party is necessary to the suit and must therefore be joined if joinder is feasible. If the absent party is necessary but cannot be joined, the court must then determine under Rule 19(b) whether the party is indispensable. If so, the suit must be dismissed.
> Whether [defendant] is [a] necessary part[y] under Rule 19(a) requires assessment of three factors. The court must consider (1) whether complete relief would be available to the parties already in the suit, (2) whether the absent party has an interest related to the suit which as a practical matter would be impaired, and (3) whether a party already in the suit would be subjected to a substantial risk of multiple or inconsistent obligations.

*Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir. 1996).

Having carefully considered the relevant factors, the Court finds that, for reasons set forth above, defendant SDI is clearly a necessary party to this litigation. Further, because defendant SDI cannot continue in this case as its presence will destroy complete diversity between the parties, the Court finds that defendant SDI is a party that is necessary but cannot join in this action.

Having found defendant SDI is a necessary party that cannot proceed in this litigation, the Court must next determine if defendant SDI is an indispensable party under Rule 19(b). The Court must consider the following factors in determining whether a party is indispensable:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

*Id.* at 1412 (quoting Fed. R. Civ. P. 19(b)). "Rule 19(b) analysis requires that the factors be evaluated in a practical and equitable manner, and be given the appropriate weight." *Id.*

Having carefully reviewed the Rule 19(b) factors, the Court finds that defendant SDI is an indispensable party. In this litigation, plaintiffs' claims are essentially brought on behalf of defendant SDI due to defendant Fields' alleged acts of mismanagement and embezzlement from defendant SDI, involve defendant SDI's two sole members, one of which is proceeding *pro se*, and involve alleged acts that impact defendant SDI's legal obligations to other third-parties. *See, e.g.*, *Roh v. Devack*, 2010 WL 5069874, at *3 (D. Conn. Dec. 3, 2010) (quoting *Bartfield v. Murphy*, 578 F. Supp. 2d 638, 650 (S.D.N.Y. 2008)) ("courts appear unanimous in concluding that the party on whose behalf a derivative claim is brought is indispensable and one whose absence warrants dismissal."). Plaintiffs seek to remove defendant SDI's manager, place defendant SDI into receivership, and other remedies that significantly impact defendant SDI and its legal obligations. Accordingly, the Court finds that at the very least one of the parties, defendant SDI, would be severely prejudiced by its absence. Second, because plaintiffs' causes of actions arise out of defendant Fields' alleged wrongful acts towards defendant SDI, i.e. mismanagement and embezzlement, the Court is not convinced that it can fashion a sufficient remedy to meaningfully reduce the prejudice to defendant SDI resulting from its absence. Finally, the Court finds that plaintiffs can obtain an adequate remedy by bringing this lawsuit in a state court, a route plaintiffs have successfully taken in a previous lawsuit against defendant Fields. *See* Compl. ¶ 9 ("Mr. Fields is also a Judgment Debtor in Circuit Court of Stone County Case . . . .[where] the court found him liable to the plaintiff for the principal sum of $23,573.64.").

Accordingly, the Court finds defendant SDI is a necessary and indispensable party to this litigation. In addition, having carefully reviewed all the submissions in this case, and for reasons set forth above, the Court finds that plaintiffs' request to amend their complaint should be, and is, denied.

III. Conclusion

Accordingly, for reasons set forth above, the Court DISMISSES plaintiffs' claims against defendant SDI and defendant Fields for lack of subject matter jurisdiction.

**IT IS SO ORDERED this 3rd day of October, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE